IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, as subrogee of
PUGET SOUND INTERNATIONAL, INC.

No. CIV S-09-0233 GEB GGH

      Plaintiff,

vs.

SAFFRON EXPRESS, INC., et al.,

FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

      Plaintiff's motion for entry of default judgment against defendant Saffron Express, Inc. ("Saffron"), filed June 18, 2009, was heard on July 30, 2009. Gary Gallawa appeared for plaintiff.[1] Defendant Saffron made no appearance. Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

      On January 23, 2009, plaintiff filed the instant complaint in subrogation against defendant Saffron Express, Inc. and Joginder Singh Malhi under the Carmack Amendment, 49

---

[1] Defendant Malhi was present and responded to questions by the court.

1

U.S.C. § 14706, et seq., alleging that Saffron and Malhi were strictly liable jointly and severally for undertaking shipment of a cargo of beer where the cargo was stolen from Malhi's truck during the transport. The summons and complaint were served on defendant Saffron by personal service on Jasjeet Singh, on April 27, 2009. Fed. R. Civ. P. 4(e)(2). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant Saffron has failed to file an answer or otherwise appear in this action.[2] On June 17, 2009, the clerk entered default against defendant Saffron.

The instant motion for default judgment and supporting papers were served by mail on defendant Saffron at its last known address. Defendant Saffron filed no opposition to the motion for entry of default judgment. Plaintiff seeks an entry of default judgment in the amount of $18,444.62 plus pre-judgment interest, post-judgment interest, and costs.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

This action concerns a shipment of goods by non-party Hudd Distribution, the shipper, which retained Puget Sound International, Inc. ("Puget Sound"), a transportation broker insured by plaintiff. Puget Sound retained defendant Saffron, an interstate carrier, to transport a cargo of beer. Saffron took the role of receiving carrier and retained defendant Malhi, dba R&J Transport, another interstate carrier, to physically deliver the load. During the transport, the beer was stolen from Malhi's truck. Hudd made a claim with Puget Sound, and Travelers paid the claim on the policy. Travelers now seeks subrogation in the amount of $18,444.62 under the Carmack Amendment, 49 U.S.C. § 14706, et seq., which imposes strict liability for damage or

---

[2] Defendant Malhi filed an answer on February 13, 2009.

loss to property covered by a bill of lading on the receiving carrier, the delivering carrier, or another carrier over whose line or route the property is transported. The complaint alleges joint and several liability. The affidavits of Gavan Munter and Raymond Zygmuntowicz, and documentation filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.

The court is cognizant of the fact that normally a final decree on the merits of an action may not be made against one of several defendants against whom a joint charge is pending. Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872) (involving a single alleged joint fraud and resulting in inconsistent adjudications as to liability)[3]; see also Pfanstiel Architects v. Choutreau Pet., 978 F.2d 430, 433 (8th Cir. 1992); In re Uranium Antitrust Litigation, 617 F.2d 1248, 1256-58 (7th Cir. 1980) (holding that Frow does not apply to defendants alleged to be jointly and severally liable, although the damages hearing should be postponed until trial because claims were based on a single injury (a single price-fixing scheme); accord, Dundee Cement Co. v. Howard Pipe and Concrete Products Inc., 722 F.2d 1319, 1324 (7th Cir. 1983)); Gulf Coast Fans v. Midwest Elec. Importers, 740 F.2d 1499, 1512 (11th Cir. 1984) (default judgment should not be entered against "similarly situated" defendants whose alleged liability, along with that of the remaining defendants, rests on a single contract); International Controls Corp. v. Vesco, 535 F.2d 742, 746-47 & n. 4 (2d Cir.1976) (Frow controls "in situations where the liability of one defendant necessarily depends upon the liability of the other.").

In re Uranium Antitrust Litigation acknowledged that Frow does not preclude entry of default judgment against some defendants where other defendants remain in the

---

[3] Frow alleged a conspiracy by several defendants to defraud one plaintiff of title to real property. Default judgment was entered against one defendant, although the others prevailed on the merits. The Court found this result "unseemly and absurd, as well as unauthorized by law." 82 U.S. at 554.

3

litigation, even where liability is joint and several.[4]  617 F.2d at 1258.  Nevertheless, there is still the possibility of inconsistent determinations as to damages, as well as the lack of judicial economy, in that "there could be two distinct damages awards on a single claim involving joint and several liability."  Id. at 1262.  If plaintiff later prevails against the answering defendant, the damage award could be different; however, the joint nature of the claim precludes different findings as to damages against all defendants.  Id.  Furthermore, where defendants are jointly liable for the entire award, plaintiff could look to any one defendant for full satisfaction of the damage award.  Id.

In this case, however, the amount requested is a sum certain.  Defendant Malhi conceded at hearing that he does not dispute the amount requested in plaintiff's motion.  Therefore, a trial would not result in a judgment of a different amount.  A judgment against Saffron would not be inconsistent with any future ruling in regard to defendant Malhi.  Accordingly, as there are no policy considerations which preclude the entry of default judgment of the type requested, see Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986), this court concludes that plaintiff is entitled to the relief requested.

In view of the foregoing findings, it is the recommendation of this court that plaintiff's application for entry of default judgment be GRANTED.  Judgment should be rendered in the amount of $18,444.62, plus pre-judgment interest calculated at .50% annually from the date of filing the complaint until judgment, plus post-judgment interest at the rate of .50% per annum from the date of judgment until the judgment is paid, and costs of court.  A proposed judgment has been lodged by plaintiff and is approved as to form and substance.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written

---

[4] The Carmack Amendment permits imposition of joint and several liability.  Jessica Howard Ltd. v. Norfolk Southern Railway Co., 316 F.3d 165, 169 (2nd Cir. 2003).

1 objections with the court and serve a copy on all parties.  Such a document should be captioned

2 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3 shall be served and filed within ten days after service of the objections.  The parties are advised

4 that failure to file objections within the specified time may waive the right to appeal the District

5 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6 DATED: 09/02/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Travelers0233.def.wpd